In The United States District Court
For the Northern District of Mississippi
Greenville Division

DeMarcus Harmon #106690
VERSUS
Ms. Dept. of Corrections, Vitalcore Health Strategies, et al

Civil Action No. 4:22-cv-0007-DMB-DAS

## Memorandum in Support of Civil Action

Comes Now, DeMarcus Harmon, Pro-Se, Plaintiff in the above named Civil Action and submits his Memorandum in Support of his Civil Action and would submit the following in support of towit:

### I

Although "prison conditions" sounds like inadequate food or dirty cells, in a case called Porter V. Nussle, 534 U.S. 516 (2002), the U.S. Supreme Court held that "Prison Conditions" refers to <u>everything that happens in Prison</u>, including single incidents of guard brutality or inadequate medical care.

In the U.S. Supreme Court Case, Jones V. Bock, 549 U.S. 199 (2007) the Court stated that Prisoners do not need to show in their complaint that they have exhausted all grievance procedures. However the Plaintiff has filed Request for Administrative Remedys and the Ms. Dept. of Corrections (A.R.P.) Inmate Administrative Remedies Program refuses to process the Plaintiff's grievances, giving the Plaintiff to file a Civil Action against the defendants.

The Plaintiff's Right to medical care is guaranteed by the Eight Amendment, which prohibits cruel and unusual punishment for a medical care violation. Despite these rights Plaintiff has not received the medical care he needs, and despite these rights prisoners often do not get the medical care they need. In Todaro V. Ward, 565 F.2d 48 (2d Cir. 1977), a class of women prisoners argued that their prison's medical system violated constitutional standards. The court applied the "deliberate indifference" test and determined that by not properly screening women's health problem and poorly administering prison health servies, the prison had denied or unreasonably delayed prisoner's access to proper medical care in violation of the Eigth Amendment. Plaintiff contends the same violation of Plaintiff's Eigth Amendment Rights by Medical Provider Vitalcore Heath strategies.

(1)

## II

Plaintiff now quotes, Shuck v. CNH America, L.L.C., 498 F.3d 868, 874 (8th Cir. 2007) "Under Rule and Daubert... the court serves as gatekeeper to ensure that any witness in the medical field is qualified as an expert and the defendants have no employed specilist on site in prison grounds. The defendants Vitalcore Health strategies have a know potential rate of error that is generally accepted by the Mississippi Department of Corrections.

Finally, any expert testimony by Defendant Vital Core Health Strategies should be excluded "for its probative value is substaintially outweighed by a risk of unfair prejudice or misleading the jury.(Fed. R. Evid. 403; Accord United States v. Schwarch, 719 F.3d 921, 923 (8th Cir. 2013).

The prevailing medical practices are directly at issue in this present cause.

## III

Plaintiff will show the Mississippi Department of Corrections intentionally lets Vitalcore Health Strategies the Contract Medical Provider violate its written policy's. M.D.O.C. S.O.P. Policy No. 25-01-A, It is the Policy of the (M.D.O.C.) Mississippi Department of Corrections to provide unimpeded access to Health Care, a system for processing complaints regarding Health Care and a process for health services on a daily basis. Pg. 3 of 3, Lines 92, 94, 96 states; Clinical services are availabe five (5) days per week at the major facilites, (C.M.C.F. is the main Documented Medical Facility of M.D.O.C.); Respective departments will handle routine mental and dental requests; Requests that suggest emergent issues will be trianged by the available discipline.

M.D.O.C., S.O.P. Policy 25-05-A; It is the Policy of the Mississippi Department of Corrections (M.D.O.C.) to identify the authority responsible for provision of health services to the offenders. Pg. 1, lines 12-31; Administration of Correctional Agencies (Central Office): Written agency policy provides that a comprehensive health care services program, staffed by qualified health care professionals, is availabe to all Inmates/juveniles/residents. These policies cover the following: Responsible health Authority, personnel, health screenings and examinations, specialized programs, specialized population, quality assurance, participation in research, death of Inmates/Juveniles/Residents, Facilities and equipment, Pharmaceutials, levels of care, informed consent, health record files, Notification of designated individuals, Aids and other communicable diseases [2-CO-4E-01]. Pg. 1, lines 33-35 Adult Correctional Institutions: (Mandatory) The facility has a designated health Authority with responsibility for ongoing health care services pursuant to a written agreement, contract, or Job Description.

(M.D.O.C.) Policy No. 25-12-A, it is the policy of the Mississippi Department of Corrects (M.D.O.C.) to provide staff members with current direction concerning the Health Services Unit's offical position on relevant issues (policys) and detailed descriptions (procedures) concerning the manner in which policies are to be implemented.

Pg. 1, line 23, The "25" series will be approved by M.D.O.C. Medical Director, contracted medical provider's Regional Medical Director, M.D.O.C. General Counsel and the M.D.O.C. Commissioner.

Plaintiff would also show the Commissioner of Corrections Burl Cain has approved all listed M.D.O.C. Policys for use within the Mississippi Department of Corrections. On this 14th day of Oct, 2021 A.D.

Respectfully Submitted.

DeMarcus Harmon #106690

(3)